Sohngen, J.,
 

 dissenting. I dissent from the majority opinion in these two cases. In my opinion the inhibition against change of salary of a public officer during his existing term in Section 20, Article II of the Constitution of Ohio,' refers to the full term of •office fixed by the Oeneral Assembly, rather than, as is held by the majority opinion, to the term to which
 
 *591
 
 the officer is appointed or elected. In my opinion the very purpose of the constitutional inhibition against' a change of salary is to prevent such problems as arose in these cases.
 

 Under my view, the persons in these cases appointed and approved by the Senate are holders of a tenure within the terms; the terms prescribed by the General Assembly are units of time, and new terms are not created by the appointment of officers to succeed themselves to fill unexpired statutory terms. Under my view, since the salary-increase bills were adopted by the General Assembly and signed by the Governor during the relators’ constituted terms of office, as prescribed by the General Assembly, they are not entitled to the salary increases and the writs should be denied.
 

 Zimmerman, J., concurs in the foregoing, dissenting opinion.